Harry B. KOUGH, Plaintiff,

v.

John L. LEWIS, Henry G. Schmidt and Josephine Roche, as Trustees of the United Mine Workers of America Welfare and Retirement Fund, Defendants.

John SICHKO, Plaintiff,

v.

John L. LEWIS, Henry G. Schmidt and Josephine Roche, as Trustees of the United Mine Workers of America Welfare and Retirement Fund, Defendants.

James B. McINTOSH, Plaintiff,

v.

John L. LEWIS, Henry G. Schmidt and Josephine Roche, as Trustees of the United Mine Workers of America Welfare and Retirement Fund, Defendants.

Civ. A. Nos. 18066, 18144, 18358.

United States District Court
W. D. Pennsylvania.

June 28, 1961.

See also 191 F.Supp. 68.

Jerome M. Libenson, Pittsburgh, Pa., for plaintiff.

Kountz, Fry & Meyer, Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

These are defendants' Motions for Summary Judgment relative to three separate suits in which the respective plaintiffs seek to be declared eligible for pension benefits pursuant to the United Mine Workers of America Welfare and Retirement Fund.

Since the three suits present fact situations which invoke identical principles of law, I shall herewith dispose of all three motions as they relate to the three separate causes of action.

The crucial issue for determination is whether the claimants complied with the

regulation that they were regularly employed in a classified job in the coal industry immediately preceding May 29, 1946, and if not, whether the actions of the Trustees were so conducted as to constitute a waiver thereof.

Accepting plaintiffs' allegations to be true and for purposes of the motion, it is assumed that the plaintiff in each instance conformed to all other requirements of eligibility.

## I

In Civil Action No. 18066, the claimant was immediately prior to May 29, 1946, employed in a war industry and was frozen under wartime regulations to said position, having left the coal industry in 1943.

My associate, the Honorable John W. McIlvaine, has given the question of eligibility under this specific regulation most thorough and learned evaluation. Pavlovscak v. Lewis et al., D.C., 190 F. Supp. 205. Judge McIlvaine concluded that where a miner because of illness did not return to a classified job in the coal industry until subsequent to May 29, 1946, he was ineligible for pension benefits since he was not regularly employed in the coal industry in a classified job immediately prior to May 29, 1946.

It would appear that where compliance with a regulation is rendered impossible by an Act of God for which reason eligibility does not exist, that it follows as a necessary corollary that non-compliance with said regulation by reason of an act of law would not excuse a failure to comply therewith.

It is contended that the regulation may have been arbitrarily and capriciously applied since plaintiff hopes to establish through the discovery process that exceptions were made in the case of other miners similarly situated.

■■ It is not the province of the court to whittle away the purport and tenor of a trust created by authority which stems from Act of Congress, 29 U. S.C.A. § 186(c). Where deviation might exist from regulations adopted by the Trustees, the remedy lies against the Trustees for violation of said trust, and where regulations are deemed unjust, the remedy must lie with Congress. For the courts to interject themselves in the fragile and delicate operations of a trust which requires expertise knowledge of trustees who have been selected for their know-how and familiarity with the inner workings of a vast and complex pension program, would prove inimical to the best interests of the trust and the employees for whose benefit it was created.

Motion for Summary Judgment shall be granted as to Civil Action No. 18066.

## II

■ In Civil Action No. 18144, claimant, as a result of a mine injury, received workman's compensation between 1931–1935. He ceased working in the coal industry April, 1944, due to industrial contacted eczema. The Trust regulation grants a maximum of four years' credit from the date of injury for the period workmen's compensation payments are made. Claimant seeks to apply the 1931–1935 payments to a period which would be inclusive of "immediately prior to May 29, 1946."

I see no basis or justification to interfere with the Trust regulation to accomplish such a purpose nor does the fact of illness immediately prior to May 29, 1946, create eligibility. Pavlovscak v. Lewis et al., supra.

Motion for Summary Judgment shall be granted as to Civil Action No. 18144.

## III

■ In Civil Action No. 18358, claimant was receiving workman's compensation immediately prior to May 29, 1946, by reason of injury sustained March 31, 1942, in the coal industry.

The claimant seeks to have the workmen's compensation service credit applied to his pension eligibility in such a manner as to cause him to be considered employed in the coal industry immediately preceding May 29, 1946.

In this connection, I am satisfied that Pavlovscak v. Lewis et al., supra, is dis-

positive of claimant being rendered not employed in the coal industry due to illness immediately prior to May 29, 1946. The effort to secure a deviation from existing regulations is not a matter which would justify the intrusion of this court into the involvements and complexities of a Trust Fund.

Motion for Summary Judgment shall be granted as to Civil Action No. 18358.

An appropriate Order is entered.