James O. **HAYNES**, Plaintiff,

v.

John L. **LEWIS**, Josephine **Roche**, and Henry G. **Schmidt**, Trustees, United Mine Workers of America Welfare and Retirement Fund of 1950, Defendants.

Civ. A. No. 746-67.

United States District Court
District of Columbia.

April 3, 1969.

Orlin L. Livdahl, Jr., Landis, Cohen & Singman, Washington, D. C., for plaintiff.

Welly K. Hopkins, Harold H. Bacon and Joseph T. McFadden, Washington, D. C., for defendants.

## MEMORANDUM OPINION

WADDY, District Judge.

This is an action brought by the plaintiff, a retired mine worker, to compel the Trustees of the United Mine Workers of America Welfare and Retirement Fund to reinstate him as a beneficiary of that Fund and for payment of pension benefits that have allegedly accrued since his pension was terminated. At the trial before the Court without a jury the parties stipulated certain facts and to the admission in evidence of certain documents. They filed briefs in support of their respective positions and presented oral arguments.

The United Mine Workers of America Welfare and Retirement Fund is an irrevocable trust created by the National Bituminous Coal Wage Agreement of 1950 in accordance with the Labor-Management Relations Act of 1947, Section 302(c) (29 U.S.C. § 186(c)). The Trustees of the Fund in accordance with the Trust Agreement, have full authority to establish retirement pensions, to establish eligibility requirements for such pensions, and to determine whether applicants for pensions meet the eligibility requirements, subject only to the stated purposes of the Fund, and to the provisions of the Labor Management Relations Act of 1947.

In accordance with their authority the Trustees have by resolution adopted regulations establishing the eligibility requirements for the granting of pensions upon retirement. As to this particular plaintiff, eligibility is governed by Trustees' Resolution 30 as amended by Trustees' Resolution 41. Among other eligibility criteria set forth in the amended Resolution are the following:

(1) An applicant shall be eligible for pension if he has:

 \* \* \* \* \* \*

B. Completed twenty (20) years' service in the Coal Industry in the

United States, its possessions or territories, or the Dominion of Canada within the thirty (30) years' period immediately preceding his application for pension; a year of service being one for which the applicant has:

1. Worked in a job classified in any National Coal Wage Agreement for an employer in the Coal Industry for a minimum of one-half the average number of days that the mines in the county or state in which he worked were active, whichever is the lesser, provided that where less than one-half the average number of days were worked, credit for service shall be given to the nearest one-fourth year.

\* \* \* \* \* \*

C. Retired from or ceased work in the Bituminous Coal Industry after May 28, 1946, following regular employment in a classified job and was regularly employed in a classified job in the Coal Industry immediately preceding May 29, 1946; provided that if he had retired from or ceased working in the Bituminous Coal Industry prior to May 29, 1946, he shall be eligible for a pension only upon the completion of twenty (20) years' service in the Bituminous Coal Industry, and meets the other requirements of eligibility as contained in Paragraphs A and B hereof and its subsections, subsequent to May 28, 1946.

The plaintiff in this action was employed in the coal mines of eastern Kentucky for over 47 years. He filed an application for pension benefits in July, 1956. In his application he claimed 28 years of classified employment within the qualifying 30-year period. In December, 1957, defendant Trustees authorized plaintiff's pension and in January, 1958, plaintiff began receiving monthly payments. On August 19, 1960, defendants terminated plaintiff's pension on the ground that plaintiff had made substantial misstatements in his application for pension and that, by virtue of his employment as a section foreman from January 1935 to April 1938 and from October 1938 to December 1948, he had failed to meet the Fund's eligibility requirements of twenty years classified employment in the coal industry within the qualifying thirty-year period and regular employment in a classified job in the coal industry immediately prior to May 29, 1946. This result was based upon defendants' determination that the position of "section foreman" was not a "classified job" at the critical times within the meaning of Resolution No. 30, as amended by Resolution 41.

The sole issue before this Court has been stipulated by parties as follows:

"Did the Trustees act in bad faith, arbitrarily or capriciously in terminating plaintiff's pension on August 19, 1960, which pension was previously authorized on December 30, 1957, on the grounds that he was employed as a section foreman from January 1935 to April 1938 and from October 1938 to December 1948, and therefore, did not meet the Trustees requirements of twenty (20) years classified employment in the coal industry within the qualifying thirty (30) year period and regular employment in a classified job in the coal industry immediately prior to May 29, 1946, as required by Resolution No. 30, as amended by Resolution No. 41."

In support of his position that the Trustees acted arbitrarily and capriciously in terminating his pension, plaintiff contends that the term "classified" as used in Resolution 30, as amended by Trustees Resolution 41, means a job within the bargaining unit represented by the United Mine Workers of America and that, when so considered, Haynes' job as section foreman was "classified" within the meaning of the twenty years service requirement [Section (1)B1] as well as within the meaning of the requirement of employment in a classified job in the period immediately preceding May 29, 1946 [Section (1)C]. Invoking amended Resolution 30's definition of a year of service, i. e, work in a job classified in any national coal wage agreement, plaintiff relies upon the following

description of the collective bargaining unit set forth in the National Bituminous Coal Wage Agreement of 1947 and in each wage agreement subsequent thereto.

"Coal Inspectors and Weigh Bosses at mines where men are paid by the ton, Watchmen, Clerks, Engineering and Technical forces of the Operator, working at or from a District or local mine office, are exempted from this Agreement.

"All other employees working in or about the mines shall be included in this Agreement except essential supervisors in fact such as: Mine Foremen, Assistant Mine Foreman who, in the usual performance of their duties, may make examinations for gas as prescribed by law, and such other supervisors as are in charge of any class of labor inside or outside of the mines and who perform no production work."

Plaintiff makes the further claim that should the requirement of regular employment in a classified job immediately prior to May 29, 1946, be construed to mean that the employee must have been employed in a job which was in fact "classified" on May 29, 1946, he, as a section foreman, would still meet the requirement. As support for this latter position, plaintiff looks to the Krug-Lewis Agreement of May 29, 1946, which provided that with respect to the status of foremen and certain other employees the Coal Mines Administrator would be guided by decisions and procedures of the National Labor Relations Board, which Board, he contends, had already determined that foremen were a part of the bargaining unit.

 The Court is limited in an action of this nature to determining wheth-

er the Trustees have acted arbitrarily, capriciously, or in bad faith in administering the Fund. Danti v. Lewis, 114 U.S.App.D.C. 105, 312 F.2d 345 (1962); and the parties have stipulated that such is the sole issue in this case. It is not within the province of this Court to decide between two reasonable but conflicting interpretations of an eligibility requirement. Miniard v. Lewis, 128 U.S. App.D.C. 299, 387 F.2d 864 (1967), cert. denied 393 U.S. 873, 89 S.Ct. 166, 21 L. Ed.2d 144 (1968). Where the interpretation of an eligibility requirement is deemed reasonable and where there is substantial evidence to support the Trustees' application of that requirement, as interpreted, the Court may not find the determination of the Trustees to be arbitrary or capricious or made in bad faith. Kennet v. United Mine Workers of America, 183 F.Supp. 315 (D.D.C. 1960) aff'd per curiam No. 15,892, D.C. Cir., December 20, 1960.

 This Court has concluded that the Trustees were reasonable in interpreting the eligibility requirement of "classified" employment set out in Resolution 41 to require reference to the collective bargaining agreement in effect at the time the service was performed. While it is true that the phrase "worked in a job classified in any national coal wage agreement" is susceptible to the interpretation that a subsequent collective bargaining agreement should be applied retroactively to cover an applicant's service, where that service was not performed under said agreement, it is not within the Court's province to decide between two equally susceptible but conflicting interpretations.[1] Accordingly, the description of the collective bargaining unit urged upon the Court by the plaintiff is

---

1. As evidence of the reasonableness of the Trustees' interpretation, the Court points to what the Trustees have deemed a clarifying amendment to Resolution 41—Resolution 63 (January 4, 1965). There a year of service is defined as follows:

1. A year of service, * * * is one during which an applicant:
(a) worked as an employee in a job classified *in the then existing coal wage*

*agreement* for an employer in the coal industry * * *. [Emphasis supplied].

The Trustees do not concede and the Court does not find this subsequent attempt to clarify the language of the eligibility requirement to be an admission of either a lack of clarity in the prior resolution or a departure from the prior resolution. Rather, the Court deems it reasonable to conclude the amendment to be

inapplicable since that description first appeared in the National Bituminous Coal Wage Agreement of 1947. Furthermore, whether or not the Krug-Lewis Agreement enlarged the class of employees under the national agreement so as to cover plaintiff's job, it cannot be disputed that the effective date of that agreement, May 29, 1946, was subsequent to the National Bituminous Coal Wage Agreement of 1945, and subsequent to the period " * * * immediately preceding May 29, 1946 * * *," and prior to the Agreement effective July 1, 1947. The record is also clear that only the wage provisions of the Krug-Lewis Agreement were decreed to be retroactive to a period prior to May 29, 1946.

Prior to the crucial date of May 29, 1946, the last national coal wage agreement was the National Bituminous Coal Wage Agreement effective April 1, 1945. That agreement continued the noncoverage of plaintiff's job by carrying forward from the Appalachian Joint Wage Agreement effective April 1, 1941, the express exemption of jobs such as that held by the plaintiff from the collective bargaining unit. The exemption provided:

> "The term Mine Worker as used in this Agreement shall not include mine foremen, assistant mine foremen, fire bosses or bosses in charge of any classes of labor inside or outside of the mine, or coal inspectors or weighbosses, or members of the * * * supervisory * * * forces of the operators."

■ Inasmuch as the last national coal wage agreement in effect prior to May 29, 1946 expressly excluded plaintiff's job from a "classified" status, this Court deems that agreement, which is in evidence, substantial evidence to justify the defendants' determination that the plaintiff was not a classified employee as required by Resolution 41. Likewise,

the evidence that because of their supervisory positions neither the plaintiff nor one Isaac T. Hill was permitted to join the union when it first organized in 1938 is substantial evidence that Haynes' job was not "classified" within the bargaining unit at that time.

■ Even were this Court to be mistaken in its belief that the Trustees were reasonable in interpreting Resolution 41 to deny retroactivity of subsequent collective bargaining agreements, the Court, nevertheless, finds that under the definition of the collective bargaining unit set out in the National Bituminous Coal Wage Agreement of 1947, and subsequent national coal wage agreements, there is substantial evidence to support the Trustees' determination to deny plaintiff Fund benefits. While conceding for the purpose of this case that he was a section foreman for the PVK Coal Company, plaintiff argues that inasmuch as his position was not specifically excluded by the definition of the collective bargaining unit found in the 1947 agreement, and inasmuch as there is *no* evidence that he did not perform production work along with his supervisory duties, his job should be deemed "classified" within that definition. The Court, however, has concluded that there is substantial evidence to support the decision of the Trustees by virtue of the depositions of Isaac T. Hill, David Beeler and Buck Young, who had worked in the PVK Coal Company with plaintiff, to the effect that plaintiff performed nothing other than supervisory work. Although there is evidence that might be considered as being in conflict with the above-mentioned evidence, such conflict does not make the Trustees' interpretation of the evidence unreasonable or give the Court the right to alter that determination.

■ There remains to be considered plaintiff's argument that if the

---

an indication of consistency with the trustees' prior interpretation of Resolution 41. As stated by our Court of Appeals in Roark v. Lewis, 130 U.S.App.D. C. 360, 401 F.2d 425, 427 (1968):

"We are unable to fault the trustees for attempting to increase the clarity of an eligibility requirement, even though we think the meaning of the present language is plain."

Trustees' interpretation of the eligibility requirements in Resolution 41 is deemed reasonable, then the Section (1)C eligibility requirement is itself unlawful. The Trustees have broad discretion in setting eligibility requirements but there are obvious limits. Roark v. Lewis, *supra*. Once plaintiff has made a prima facie showing of an eligibility requirement's unreasonableness it becomes incumbent upon the Trustees to come forward with evidence establishing the requisite reasonableness by a show of some reasonable relationship between the purposes of the United Mine Workers Pension Fund and the eligibility requirement in contention. Roark v. Lewis, *supra*. Plaintiff concedes that Section (1)C as interpreted by the Trustees may be reasonable as applied to persons not employed in the coal industry on May 29, 1946, "so as to preclude those returning to the coal industry for a short period of time to obtain Fund benefits," but plaintiff argues that the reasoning does not justify the exclusion from benefits of employees such as Haynes who are employed in the coal industry albeit in unclassified positions in the period immediately preceding May 29, 1946.

The Trustees' requirement of classified employment in the coal industry "immediately preceding May 29, 1946," has been submitted to judicial scrutiny prior to this case. As against attack by pension claimants who had not been employed in the industry during the crucial period, the courts have deemed reasonable the Section (1)C requirement. See e. g. Lusk v. Lewis, 53 CCH Lab.Cas. ¶ 11145 (E.D.Tenn.1966) aff'd 55 CCH Lab.Cas. ¶ 12023 (6th Cir. 1967); Powell v. Lewis, 42 CCH Lab.Cas. ¶ 16,866 (W. D.Pa.1961); and Pavlovscak v. Lewis, 190 F.Supp. 205 (W.D.Pa.1960), aff'd 295 F.2d 39 (3rd Cir. 1961).

The language of *Powell, supra*, is typical:

"The requirement of regular employment in a classified job in the coal industry immediately prior to May 29, 1966 is a reasonable one as that was

the date the first trust came into existence."

This Court agrees with *Powell*, in its determination that for purposes of pension eligibility, some starting date is necessary. As our Court of Appeals noted in *Roark, supra*, "the size of the pie is fixed and variations can be achieved only by changing the size or the number of the slices." If preventing those who had been out of the industry from returning to employment for the purpose of qualifying for a Fund pension, is deemed a reasonable method of dividing the pie, this Court sees nothing unreasonable in also excluding those who at the time the first trust was established had left the bargaining unit to become supervisors.

 Accordingly this Court has concluded that as applied to this plaintiff, the Section (1)C eligibility requirement is not unlawful.

Based upon the foregoing this Court finds that the defendants did not act in bad faith, arbitrarily or capriciously in terminating plaintiff's pension on August 19, 1960.

This memorandum opinion will constitute the findings of fact and conclusions of law. Counsel for defendants will present an order in conformity therewith.