June G. MOORE, Plaintiff,

v.

REYNOLDS METALS COMPANY RETIREMENT PROGRAM FOR SALARIED EMPLOYEES, Defendant.

No. C–1–82–433.

United States District Court, S.D. Ohio, W.D.

June 12, 1983.

Richard D. Lameier, Cincinnati, Ohio, for plaintiff.

Michael S. Glassman, Cincinnati, Ohio, for defendant.

SPIEGEL, District Judge:

This matter came before the Court on cross-motions for summary judgment (docs. 17, 19) and supplemental and opposing memoranda (docs. 21, 22, 23). There being no genuine issue as to any material fact, judgment is hereby entered with respect to plaintiff's first cause of action for defendant. With respect to plaintiff's second cause of action, however, judgment is hereby entered for plaintiff.

Plaintiff in this diversity action alleges defendant's breach of contract with respect to death benefits from a retirement plan and seeks a declaration of rights and an award of benefits under that plan. The stipulation of facts filed by the parties (doc. 16) establishes the following.

Plaintiff June Moore is the widow of Donald C. Moore, an employee of Reynolds Metal Company (Reynolds) who died September 27, 1981 at the age of fifty-two. At the time of his death he had worked for Reynolds for twenty-eight years. Decedent was a participant in the Reynolds Metal Company Retirement Program for Salaried Employees (Retirement Program), a defined benefits pension plan qualified by the Internal Revenue Service.

Decedent was placed on sick leave status May 15, 1981 and remained on that status until his death September 27, 1981. Although he applied for disability insurance benefits under the Social Security Act, decedent never received monthly cash benefits under the Act because he died before completing the statutory waiting period under the Act.

Plaintiff filed her first claim with the Administration Committee of the Retirement Program June 20, 1982, alleging she was entitled to benefits under Article VI, Section 6.1(b) as the surviving spouse of

Donald Moore. That claim was denied for the reason that plaintiff did not qualify for survivor's benefits because Donald Moore died before reaching age sixty-five. Plaintiff then filed a second claim June 8, 1982, alleging her entitlement to benefits as the surviving spouse of a totally and permanently disabled participant who had completed at least ten years of service with Reynolds. This claim was denied because at the time of his death Donald Moore was not "totally and permanently disabled" as defined by Article II, Section 2.4 of the Retirement Program and, therefore, his surviving spouse was not eligible for survivor benefits under Article VI, Section 6.3.

Plaintiff has exhausted all administrative appeals under the Program with respect to both claims.

■■■ We agree with the plaintiff that public policy requires that pension and benefits plans be construed, where possible, to avoid the forfeiture of rights which an employee, through years of service, has earned. *Hoefel v. Atlas Tack Co.,* 581 F.2d 1, 6 (1st Cir.1978), *cert. denied,* 440 U.S. 913, 99 S.Ct. 1227, 59 L.Ed.2d 462. Nevertheless, in liberally construing pension and benefits plans, we are bound by the standard for court review of a denial of pension benefits which is whether the denial is arbitrary, capricious, or in bad faith. *Van Gunten v. Central States, Southeast and Southwest Areas Pension Fund,* 672 F.2d 586 (6th Cir. 1982). These two principles require the Court to examine closely the language of the pension and benefits plan in question, and construe ambiguities in favor of the beneficiary of the plan. However, they do not permit the Court to read additional provisions into the plan or to torture the plain language of a plan into something other than its obvious meaning so that the Court can reach what seems to it to be a fairer or more reasonable result. So long as the language of the plan is unambiguous,

we are obliged to review a denial of benefits in accord with that language.

■■■ Plaintiff's first cause of action is based upon Article VI, Section 6.1(d) which provides:

Commencing with his Normal Retirement Date, the Surviving Spouse of an Employee shall, in the event of the Employee's death prior to becoming a Pensioner, receive a retirement benefit equal to 50% of the benefit to which the Employee would have been entitled in accordance with Section 3.1 as if he had retired on the first day of the month during which he dies.[1]

"Normal Retirement Date" is defined in Article I, Section 1.1(t) as age sixty-five. The clear meaning of Section 6.1(b) is thus that the surviving spouse of an employee who continued to work after reaching age sixty-five is, upon the death of the employee, automatically entitled to one/half of the benefits to which the employee would have been entitled had he retired upon reaching sixty-five.[2] Donald Moore did not reach sixty-five and, therefore, was not entitled to any benefits. Logically then, his surviving spouse, whose right to benefits is strictly derivative, is not entitled to benefits under Article VI, Section 6.1(b). We can find no other construction of this provision consistent with its unambiguous language. *See e.g., Wyzik v. Employee Benefits Plan of Crane Co.,* 512 F.Supp. 1222 (D.Mass. 1981), *app. dismissed,* 633 F.2d 348 (1st Cir. 1981).

As there is no disputed issue of fact with respect to plaintiff's first cause of action and as the language of Article VI, Section 6.1(b) upon which that claim is based is unambiguous, we conclude that defendant is entitled to judgment as a matter of law with respect to plaintiff's first claim.

Plaintiff's second cause of action is based upon Article VI, Section 6.3 which provides:

---

1. The Reynolds Retirement Program as amended and restated January 1, 1975 with additional amendments incorporated through July 1, 1979 is attached as an exhibit to the stipulation of facts (doc. 16).

2. This automatic entitlement, however, does not occur if the employee who works past age sixty-five elects in writing not to have his spouse covered.

If a Disabled Participant to whom Section 5.2 applies dies after completing at least ten (10) Years of Service but before electing to receive a retirement benefit pursuant to Section 5.2, his surviving spouse, if any, shall be entitled to receive benefits hereunder if he has been disabled for at least six (6) months at the time of his death. [The remainder of the section describes the benefit to be awarded.]

Section 5.2 provides that an employee who became disabled after January 1, 1981 and is terminated because of "total and permanent disability" as defined in Section 2.4 and who has completed 24 months of service is eligible for certain retirement benefits. Section 2.4 provides that an employee is totally and permanently disabled "as of the date he is considered eligible for, *and* in receipt of benefits under the Disability Insurance Provision of the Social Security Act" (emphasis added).

Plaintiff's claim to benefits is derivative and thus if Donald Moore was not entitled to benefits under the terms of the Program, then plaintiff cannot receive benefits as his surviving spouse. It is undisputed that Donald Moore had applied to the Social Security Administration for disability benefits but that he "never received, nor was eligible to receive monthly cash [disability] benefits ... because he died before he completed the statutory waiting period under the Social Security Act" (doc. 16, p. 4).

Plaintiff, however, argues that the Administration Committee has the power to interpret the Program (Article X, Section 9.1(a)) and to resolve all questions as to the eligibility of any person to receive benefits under the Program, Article XI, Section 9.1(a), (c). Because the Committee has the power to interpret, plaintiff reasons that the denial of benefits solely because her decedent had not satisfied the statutory waiting period under the Social Security Act was arbitrary and capricious. In essence plaintiff admits that Donald Moore was not permanently and totally disabled as defined by the Program but argues that enforcement of a required waiting period is arbitrary and capricious where a pensioner or the surviving spouse of that pensioner meets all other requirements as specified in the Retirement Program.

Defendant's response is that the Supreme Court's ruling in *United Mine Workers of America Health & Retirement Funds v. Robinson*, 455 U.S. 562, 102 S.Ct. 1226, 71 L.Ed.2d 419 (1982) prevents a court from reviewing the provisions of a pension and benefits plan for reasonableness. *Robinson* involved a pension and benefits trust fund financed by contributions from members of the Bituminous Coal Operators' Association. A 1974 collective bargaining agreement between the United Mine Workers of America and the Association increased health benefits for widows of coal miners whose husbands died before December 6, 1974 and who were receiving pensions when they died, but did not increase health benefits for widows whose husbands died before December 6, 1974 and who were still working at the time they died although eligible for pensions. Widows in the latter group brought a class action under section 302 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(e), alleging that the distinction made between the two classes of widows was not rationally related to the purposes of the trust fund.

Section 302(c)(5) of the LMRA provides that employee benefit trust funds collectively bargained for be maintained "for the sole and exclusive benefit of the employees ... and their families and dependents." The Supreme Court held that section 302 does not authorize federal courts to review for reasonableness the provisions of a collective bargaining agreement allocating health benefits among potential beneficiaries of an employee benefit trust fund. This holding was based upon the Court's reading of the plain meaning and legislative history of section 302(c)(5).

We do not find *Robinson* dispositive. The Court's exclusive focus on section 302(c)(5) limits *Robinson's* precedential value to cases brought pursuant to section 302 of the LMRA. Furthermore, the Court held that a federal court was not authorized to re-

view the provisions for reasonableness but it did not hold that a federal court was precluded from reviewing the enforcement of those provisions in particular cases for arbitrary and capricious results.

The Reynolds Retirement Program is not the result of collective bargaining (Stipulation of Facts, doc. 16). Nor is section 302 a part of this case, for it was brought under our diversity jurisdiction and in no way involves the LMRA. Accordingly, we are obliged to look elsewhere for guidance.

Several pre-*Robinson* cases, although admittedly brought pursuant to section 302 of the LMRA, are useful in deciding whether a denial of pension benefits based solely on the unavoidable inability to satisfy a specified waiting period is arbitrary. In *Fase v. Seafarers Welfare and Pension Plan*, 432 F.Supp. 1037 (E.D.N.Y.1977), the Court held that the withholding of pension benefits for the three-year period in which it took the Social Security Administration to determine that the plaintiff was disabled was arbitrary. The Court wrote:

[T]he cases support the conclusion that the justification for denial of benefits must be in some way related to the purpose of such plans to pay benefits to employees of contributing employers. If any denial would be unrelated to that purpose, we think a denial based on delay in the Social Security Administration would be. If any denial would be arbitrary and capricious, this must be it. 432 F.Supp. at 1042, relying on *Haynes v. Lewis*, 298 F.Supp. 331 (D.D.C.1969); *Pete v. United Mine Workers of America Welfare and Retirement Fund of 1950*, 517 F.2d 1275 (D.C.Cir.1975); *Lee v. Nesbitt*, 453 F.2d 1309 (9th Cir.1971); *Burroughs v. Board of Trustees of the Pension Trust Fund for Operating Engineers*, 398 F.Supp. 168 (N.D.Cal.1975), *aff'd* 542 F.2d 1128 (9th Cir.1976).

The Ninth Circuit reached a similar conclusion in *Music v. Western Conference of Teamsters Pension Trust Fund*, 660 F.2d 400 (9th Cir.1981), judgment vacated and remanded, —— U.S. ——, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982). The Court held that the requirement that an employee become eligible for federal Social Security disability benefits, which requires a five month statutory waiting period, in order to be eligible for disability pension benefits under the union's plan was arbitrary and capricious and thus a structural defect prohibited by section 302 of the LMRA. The Ninth Circuit was silent on the section 302 issue and accordingly we find it appropriate to look to *Music* despite the Supreme Court's remand for reconsideration in light of *Robinson*. We do not find that remand destructive of *Music's* value in cases challenging actions taken under pension plans not subject to the LMRA.

■ Plaintiff has also suggested that the regulations of The Pension Benefit Guarantee Corporation established under the Employee Retirement Income Security Act, 29 U.S.C. § 1301 *et seq.,* are instructive in indicating how waiting periods should be reviewed. PBGC Regulations § 2605.6(a), governing benefits in the event of termination of the plan, states that benefits under the plan are nonforfeitable if at the date of the termination of the plan a participant has "satisfied all of the conditions required of him ... except the submission of a formal application, retirement, or completion of a required waiting period." Of course these regulations apply only to the PBGC and not to trustees of other plans. Nevertheless we find that the purpose of the regulation is to prevent the inequitable forfeiture of benefits for which an employee has worked.

■ We do not challenge the necessity of drawing lines in determining who is to receive pension benefits under a given plan. Those lines can and should be drawn by the persons responsible for the plan. However, the Court is entitled to review the application of those guidelines to a particular case and to order an award of benefits where the denial is arbitrary or capricious. In the instant case had Donald Moore lived two months longer than he did he would have begun to receive disability benefits from the Social Security Administration. In other words, if his disease process had been

slightly less devastating and death less rapid his spouse would have been entitled to the benefits which she is now not receiving. We note further that Donald Moore worked almost thirty years for Reynolds. This is clearly one of those cases in which a particular employee falls between the cracks.

The Administration Committee of the Retirement Program has an obligation as fiduciaries to make decisions in light of all the circumstances of each particular case. We find it is arbitrary and capricious under all of the circumstances of the present case to deny benefits to plaintiff as the surviving spouse of a permanently and totally disabled individual where the decedent has met all of the requirements established by the Retirement Program except for a statutory waiting period.

Accordingly, we declare that plaintiff June Moore is entitled to receive benefits under Article VI, Section 6.3 as the surviving spouse of a totally and permanently disabled employee of Reynolds.

We conclude, therefore, that plaintiff's motion for summary judgment is well-taken with respect to her second cause of action and hereby order that judgment be entered on behalf of the plaintiff and against defendant with respect to that cause of action.

SO ORDERED.