Joseph De **LORAINE,** Plaintiff,

v.

**MEBA PENSION TRUST, representing the National Marine Engineers' Beneficial Association; and Mildred Killough, Individually and in her capacity as Administrator of the MEBA Pension Trust, Defendants.**

**No. 72 Civ. 4427.**

United States District Court,
S. D. New York.

Feb. 21, 1973.

E. Judson Jennings, Legal Services for the Elderly Poor, New York City, for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, New York City by Morton M. Maneker and David A. Leff, New York City, for defendants.

## OPINION

TYLER, District Judge.

Pleading that he is a marine engineer who wishes to return to work, plaintiff has sued MEBA Pension Trust, alleged to represent members of the National Marine Engineers' Beneficial Association, and its administrator, to recover compensatory and punitive damages. Basing his claims on The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., plaintiff asserts that defendants in 1970, under regulations adopted by MEBA Pension Trust, improperly treated his decision to "temporarily" retire in 1964 as "permanent and binding". Defendants have moved for summary judgment on the grounds, *inter alia*, that this suit is time-barred as a matter of law, that neither defendant comes within the scope and sanctions of the 1967 statute and that as a matter of record plaintiff voluntarily and finally retired in 1964. Plaintiff has cross-moved for partial summary judgment on the issues of liability.

According to plaintiff, he is presently 54 years of age and fully qualified and fit to handle a position as a marine engineer. In 1964, he had accumulated twenty years of pension time under his union's pension plan. Thus, at age 46, he retired, and signed the following document:

"DECLARATION OF RETIREMENT

FROM

MARITIME INDUSTRY

I, Joseph De Loraine, hereby certify that I have withdrawn and shall remain completely withdrawn during my retirement from any employment aboard any vessel documented under

the laws of the United States or aboard any vessel covered by any collective bargaining agreement with the Association and any employment in the *Association Locals or Plans.*

\*　\*　\*　\*　\*　\*

A return to employment as noted above, without written permission from the Trustees, shall be penalized in accordance with MEBA Pension Trust Regulations."

The relevant regulations provided in 1964, and so provide today, that, to be eligible for a pension, an employee must completely retire; return to employment without penalty is possible only if permission to do so is given by the Trustees. The regulations are silent, however, as to whether such permission may subsequently be withdrawn by the Trustees.

In 1968, with the permission of the Trustees of MEBA, plaintiff returned to work after having collected pension benefits since 1964. Upon return to work, his pension payments stopped. Then, in 1970, as plaintiff asserts, ". . . the pension regulations were amended, to provide that my election to stop work temporarily in 1964 was permanent and binding, and further overruling and nullifying the decision in 1968 to permit me to return to full-time active employment." More precisely, the Trustees passed a resolution in December of 1970, purporting to revoke the permission previously granted to all persons who had so requested to return to employment covered by the pension regulations.

After reciting these facts, plaintiff alleges that although the 1970 regulation changes were "technically promulgated by the board of trustees" of MEBA, eight of the board members were union representatives, one of whom, the union president, was and is the chairman of the board. Thus, in effect, plaintiff claims that the union rammed through the regulation changes in 1970 for the purpose of discriminating against "older workers" such as himself, although he names neither the union nor its representatives as defendants in this suit. Defendant Killough, as Administrator of the Trust, flatly denies that she or the Trust is the agent of any employer or employee organization, or that the regulations in 1970 were motivated as alleged.

The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., prohibits discrimination because of age by employers, employment agencies, and labor organizations. Plaintiff, in his brief in opposition to defendants' motion for summary judgment herein, argues forcefully that the defendant pension trust is a labor organization, or at least has discriminated "acting by and with the union and its representatives" in the manner challenged. He asserts, moreover, that retirement plans are subject to the prohibitions of the Act, citing Hodgson v. American Hardware Mutual Insurance Co., 329 F.Supp. 225 (D.Minn.1971).

█ The statutory language, which is reasonably clear, indicates that the pension trust in question is not a labor organization in this context. Section 630(d) reads:

"The term 'labor organization' means a labor organization engaged in an industry affecting commerce, and any agent of such an organization, and includes any organization of any kind, any agency, or employee representation committee, group, association, or plan so engaged in which employees participate *and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment,* and any conference, general committee, joint or system board, or joint council so engaged which is subordinate to a national or international labor organization." (Italics added)

Neither party has been able to cite any cases applying this section to pension trusts. While pensions are undoubtedly

considered a term of employment, it is difficult to understand how this pension trust has as its purpose "dealing with employers" in such matters—the "dealing" indicating some negotiating or adversarial process.

More importantly, section 623(f) of the statute provides:

"It shall not be unlawful for an employer, employment agency, or labor organization—

(1) . . .

(2) to observe the terms of a bona fide seniority system or any bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this chapter, except that no such employee benefit plan shall excuse the failure to hire any individual . . . ."

The *Hodgson* case, *supra*, relied upon by plaintiff, concerned an action brought by the Secretary of Labor, challenging an employer's policy of applying the terms of a voluntary retirement benefit plan, requiring retirement for females at 62 and males at 65, to all non-participating employees. It was this requirement that workers under 65 who were not participating should retire which was found to be invalid, since it violated the statute's mandate that "[i]t shall be unlawful for an employer . . . to discharge any individual . . . because of such individual's age." The court went on to note that, "[R]etirement at age sixty-two for Plan members is permitted only because it is pursuant to the Plan." 329 F.Supp. at 228. This was found to come within the exception of § 623(f)(2); on the other hand, the court upheld an interpretative bulletin promulgated by the Secretary of Labor, providing that "[t]his exception does not apply to the involuntary retirement before 65 of employees who are not participants in the employer's retirement or pension program."

This would seem to dispose of the action. Plaintiff has not persuasively argued that pension trusts fall within the prohibition of the Act; rather, the case he cites holds only that an employer may not utilize a retirement plan to prematurely retire non-participating employees. Even if the defendant pension trust here were to be considered a labor organization, which I think most unlikely, the exception to the statute is still clearly applicable. Plaintiff has made no factual showing that the Trustees were acting as agents of the union in passing the resolution in 1970 revoking his permission to return to work. He asserts only that "I believe that the regulation amendment was proposed by the union for the sole purpose of discriminating against older workers like myself, forcing us into unwanted permanent retirement to permit the union to recruit new members who would pay high initiation and training fees to join the union." Affidavit of plaintiff, verified on the 9th of January, 1973, at p. 2. Moreover, it is difficult to understand how the eight union members on the board of trustees would be so motivated to "discriminate" in such a fashion against their co-workers.

Plaintiff's mere conclusory allegations of union control and discrimination cannot suffice to withstand defendants' motion for summary judgment. More than a difference of opinion must be demonstrated: "the rule requires that the opposing party present some evidence which supports the bald assertion that there is a dispute." Donnelly v. Guion, 467 F.2d 290, 293 (2d Cir. 1972). Accordingly, it is not necessary to reach the other issues posited by defendants' motion, which is hereby granted for the reasons stated above. Plaintiff's cross motion is denied. Let judgment be entered dismissing the action. It is so ordered.