**Annie THOMPSON et al., Plaintiffs,**

**v.**

**CHRYSLER CORPORATION, a Delaware corporation, et al., Defendants.**

Civ. A. No. 4-71917.

United States District Court, E. D. Michigan, S. D.

Sept. 16, 1974.

Judith Dennehy Doran, Detroit, Mich., for plaintiffs.

W. Gerlad Warren, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

KEITH, District Judge.

This is an action by the plaintiff, a 55 year-old black woman, against her former employer, Chrysler Corporation. The action was originally filed in state court, but was removed to this Court on the motion of the defendant. This Court has jurisdiction under 29 U.S.C. § 185 (Section 301 of the Labor and Management Act) and under 28 U.S.C. §§ 1331 (a) and 1343(4).

The plaintiff was employed by Chrysler for thirty-one years, most recently as a "trim repairer." On March 31, 1974, Miss Thompson's employment was terminated pursuant to a retirement plan which had been negotiated by the plaintiff's union and the defendant. The basis of this "early retirement" was the determination by the defendant that Miss Thompson was permanently partially disabled. More specifically, the plaintiff was alleged to have been suffering from hypertensive heart disease and arthritis. The plaintiff challenges the decision of Chrysler to retire her early on several grounds.

She alleges that the pension plan's early retirement provision was used as a subterfuge by Chrysler to discriminate against women, blacks and older persons. In support of this, she alleges that all of the non-management people placed on early retirement were women. She admits, however, that six men in management positions were retired pursuant to a similiar program.

The plaintiff charges that her retirement was racially discriminatory. Her main contention in this regard is that the defendant used hypertension as a factor in her retirement. She alleges that this is discriminatory because of the higher incidence of hypertension among blacks as compared to whites.

The action is presently before the Court on motions by the plaintiff for a preliminary injunction and by the defendant for a partial summary judgment on the age discrimination allegation.

## I. PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

The plaintiff seeks a preliminary injunction that would allow her to return to work at the defendant's Detroit Trim Plant pending the outcome of this litigation. The plaintiff argues that the criteria for granting the relief which she seeks is that set forth by the Court in Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738 (2d Cir. 1953). Judge Frank stated:

> To justify a temporary injunction it is not necessary that the plaintiff's right to a final decision, after a trial, be absolutely certain, wholly without

doubt; if the other elements are present (i. e., the balance of hardships tips decidedly toward plaintiff), it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation. 206 F. 2d at 740.

The plaintiff interprets this to mean that she has established her right to temporary relief when she has shown that her complaint raises "substantial and serious constitutional issues and she does have fundamental rights at stake." The plaintiff, however, ignores the formal prerequisite which she must satisfy.

■■■ The Court has complete discretion in determining whether to issue a preliminary injunction. As it is an extraordinary exercise of judicial power, it should be used only in the most compelling cases. A party seeking to invoke the relief must demonstrate that three prerequisites are satisfied by the facts of his or her case. There must be (1) a substantial likelihood that the moving party will prevail on the merits; (2) the possibility of irreparable injury if the relief is not granted; and (3) the harm to the plaintiff must outweigh any harm to the defendant if the relief is granted. Allison v. Froehlke, 470 F. 2d 1123 (5th Cir. 1972); Nuclear-Chicago Corp. v. Nuclear Data, Inc., 465 F.2d 428 (7th Cir. 1972); Paramount Pictures Corp. v. Holden, 166 F.Supp. 684 (S.D.Calif.1958). The Court does not believe that the plaintiff has met the burden imposed on her by these prerequisites.

One of the reasons advanced by the defendant for placing the plaintiff in early retirement was her health. During the hearing on the plaintiff's motion for a preliminary injunction, her own expert witness indicated that if the factors which Chrysler alleged that it considered had been brought to his attention in the file of a prospective employee, he would have had considerable problems in recommending that person for employ-

ment. The plaintiff disputes any interpretation of this statement which suggests that Dr. Samuel Lerman subscribed to the defendant's decision. Nevertheless, his testimony shows clearly the difficulties posed by this action.

The heart of the controversy involves Chrysler's decision to retire Miss Thompson for reasons of her health. This was done pursuant to a bona fide retirement plan negotiated by Chrysler and the plaintiff's union. Miss Thompson steadfastly maintains, however, that because the defendant used an illness which has a higher incidence among blacks than other groups in the population, its action was discriminatory.

In Griggs v. Duke Power, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971), the Supreme Court stated the Court's duty in eliminating discriminatory practices:

"What is required . . . is the removal of artificial, arbitrary, and unnecessary barriers to employment when the barriers operate . . . to discriminate on the basis of racial or other impermissible classification." 401 U.S., at 421, 91 S.Ct., at 853.

The plaintiff contends that the defendant uses the high incidence of hypertension among blacks to terminate prematurely their employment. If this is proved, the Court believes that the plaintiff would be entitled to the ultimate relief she seeks. But at this stage of the litigation, there are too many unanswered questions to allow the Court to conclude that preliminary relief should be granted. These questions pertain to the proof of the plaintiff's allegations about the incidence of hypertension among blacks, proof of the defendant's use of this fact in a discriminatory manner, and proof that it was used in a discriminatory manner in the plaintiff's case.

Finally, we are dealing here with people and not with machines or securities. The objective standards which the law establishes in commercial settings must yield at times to the frailties of human life. This Court cannot approach the

plaintiff's motion without considering the possible harm to her own health a decision in her favor may entail. The medical evidence of her health is far from clear as the plaintiff's own witness demonstrated. This Court, therefore, is of the opinion that the interests of justice would be better served if the Motion for Temporary Relief was denied.

## II. DEFENDANT'S MOTION FOR A PARTIAL SUMMARY JUDGMENT

The defendant has moved that the Court grant a partial summary judgment as to the plaintiff's allegation of age discrimination under M.C.L.A. § 423.303a; M.S.A. § 17.458(3a). That section of Michigan's employment rights statute provides it shall be an unfair employment practice:

> For any employer, because any individual is between the ages of 18 and 60, or because of the sex of any individual, to refuse to hire or otherwise to discriminate against him with respect to hire, tenure, terms, conditions or privileges of employment. Any such refusal to hire or discrimination shall not be an unfair employment practice if based on law, regulation, the requirements of any federal or state training or employment program or on a bona fide occupational qualification. . . .

This section, however, is modified by section (e) which states:

> Nothing contained in this section shall be construed to prevent the termination of the employment of any person who is unable to perform satisfactorily his duties, or to affect the retirement policy or system of any employer where such policy or system is not merely a subterfuge to evade the purposes of this section unless such policy or system, if established on or after July 1, 1965, provides for a mandatory retirement age of less than 65; nor shall anything in this section be deemed to preclude the varying of insurance coverage according to an employee's age.

The plaintiff's allegation of age discrimination is based solely on the statute quoted above; and the defendant's motion is based entirely on the language of section (e).

It is uncontroverted that the defendant's retirement of the plaintiff was predicated upon its interpretation of a retirement agreement between itself and the plaintiff's union. The provision of the pension relief upon by the defendant reads:

> If an employee, who is over 55 years of age with 10 or more years pension credited service, suffers from a condition or disease which is deemed to be permanent and which partially disables that employee, and if that permanent partial disability results in excessive absenteeism, decreased production, and frequent application for and receipt of sickness and accident payments, then the employee may be retired "special early," in accordance with procedures which are hereafter set forth.

The plaintiff contends that in applying the provision, the defendant did not comply with its terms. Miss Thompson denies either that she is disabled or that her work performance was poor. The Michigan statute requires only that the defendant acted pursuant to a *bona fide* pension plan which was not a subterfuge for age discrimination. It further provides that a plan established prior to July 1, 1965 may allow the use of a mandatory retirement age; the plan in this action was established prior to the effective date of the statute.

■■ Any use of age as a factor in the retirement of an individual results in discrimination against that individual when a mandatory retirement age is fixed. However, the Michigan statute allows such a result when it was bargained for between an employer and the employees' representatives. The only requirement is that the defendant act pursuant to the terms of that plan and that it is not a subterfuge for discrimination. The latter is made a presumption for plans created before July 1, 1965. The plaintiff does not dispute that the defendant attempted to act pursuant to

the terms of the pension plan; rather she contends that Chrysler was wrong in its assessment of her health and work performance.

The Court cannot second guess the state legislature. It required only that Chrysler act pursuant to the terms of the agreement; this the defendant has done. Whether that action was properly taken is a contract issue among the plaintiff, her union and Chrysler. Otherwise, the Court would be forced to review every case in which an employer retires an individual pursuant to a pension plan since it is conceded that by its nature such an action befalls only those who are of matured age. Walker Manufacturing Co. v. Industrial Commission, 27 Wis.2d 669, 135 N.W.2d 307 (1965). See, also, De-Loraine v. MEBA Pension Trust, 355 F. Supp. 89 (S.D.N.Y.1973); Stringfellow v. Monsanto Company, 320 F.Supp. 1175 (W.D.Ark.1970).

Accordingly, it is ordered that the plaintiff's motion for temporary relief be and the same hereby is, denied.

It is further ordered that the defendant's motion for a partial summary judgment be, and the same hereby is, granted.