Annie THOMPSON et al., Plaintiffs,

v.

CHRYSLER CORPORATION, a Delaware Corporation, et al., Defendants.

Civ. A. No. 75–70555.

United States District Court,
E. D. Michigan, S. D.

Jan. 30, 1976.

Judith Dennehy Doran, Detroit, Mich., for plaintiffs.

Thomas G. Kienbaum, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

KEITH, Chief Judge.

On September 16, 1974, this Court entered an Order dismissing with prejudice plaintiff's claim for age discrimination in Civil Action No. 74–71917, *Annie Thompson v. Chrysler Corporation, et al.,* D.C., 382 F.Supp. 1317. Defendant subsequently brought a Motion for Certification of this Order under Federal Rule of Civil Procedure 54(b). Pursuant to a stipulation by plaintiff, the Court granted the Motion and directed the entry of a final judgment from which plaintiff can appeal. Prior to the Court's granting of defendant's Motion for Certification, plaintiff filed a separate action, Civil Action No. 75–70555, which is presently pending before this Court and which is the subject of this Opinion. Defendants have moved for dismissal of the instant case stating, *inter alia,* that No. 75–70555 involves identical factual allegations and circumstances as were involved in 74–71917 with the single exception that plaintiff has now alleged the violation of a parallel federal statute, 29 U.S.C. § 621 *et seq.*

Civil Action No. 74–71917 originally consisted of four (4) counts, Count Three (III) being entitled "Age Discrimination." In that count, as in this action, plaintiff complained that she was forced to retire on or about March 31, 1974, under the "special early" retirement provision contained in the pension plan in effect between Chrysler Corporation and plaintiff's collective bargaining agent, the UAW, and that her retirement was in violation of M.C.L.A. § 423.303a; M.S.A. § 17.458(3a). This complaint was amended on or about July 1, 1974, but the basis for the alleged cause remained the same.

On or about August 7, 1974, defendants in Civil Action No. 74–71917 moved for partial summary judgment on the basis that plaintiff had been retired pursuant to the provisions of a pension plan, which was established and administered in good faith and that plaintiff, because of indications given by her own physician with respect to her state of health, was retired "special early" in accordance with the provisions of the pension plan and the standards established pursuant thereto. The Motion was supported by

affidavits of the Manager of defendant Chrysler's Pension, Savings and Unemployment Benefit Plans Personnel Office.

On September 16, 1974, after this Motion was briefed and argued, the Court issued its Opinion and Order, reported at 382 F.Supp. 1317. The Court held that the retirement plan in question did not constitute age discrimination in violation of the applicable Michigan statute. Therefore, the Court granted defendants' Motion for Partial Summary Judgment. The remainder of Case No. 74–71917 is still pending.

Defendants, in No. 75–70555, now move for dismissal or summary judgment on several grounds, one of which is the same ground as was alleged in support of their Motion for Partial Summary Judgment in Case No. 74–71917. Relying on the affidavits of William J. Fisher, defendant Chrysler's Manager of its Pension, Savings and Unemployment Benefit Plans Personnel Office, defendants argue that plaintiff was retired pursuant to the terms of the pension plan which was bargained for by Chrysler and plaintiff's representatives. Further, defendants argue that defendant Chrysler Corporation acted in good faith in relying on information supplied to it by plaintiff and her physicians, and that the plan in question was not established as a subterfuge to evade the purposes of the law.

As one ground for their Motion, therefore, defendants urge the Court to follow the same reasoning that led the Court to uphold the pension plan under the Michigan statute.

Defendants argue that the applicable federal statute contains similar language to MSA § 17.458(3a)(e) limiting the scope of prohibited employment practices. As section (e) modifies Michigan's employment rights statute, the federal Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 and § 623, is modified by language which exempts from regulation, bona fide pension or retirement plans which are not a subterfuge to evade the purposes of the Act.

In its earlier Opinion, D.C., 382 F.Supp. 1317, 1320, this Court found that section (e) of the Michigan statute allowed the use of age as a factor in the retirement of an individual when such a result was bargained for by an employer and the employees' representatives, pursuant to a plan which is not a subterfuge for discrimination. Similarly, 29 U.S.C. § 623(f) provides that:

It shall not be unlawful for an employer, employment agency, or labor organization—

* * * * * *

(2) to observe the terms of a bona fide seniority system or any bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this chapter . . . .

Thus, subsection (f) excepts a bona fide seniority or employee benefit plan from the prohibitions of 29 U.S.C. § 623 subsections (a), (b) or (c) where the plan is not a subterfuge for discrimination. The Court finds that Chrysler's decision to retire Miss Thompson for reasons of her health was a decision made pursuant to a bona fide retirement plan negotiated by Chrysler and plaintiff's union. Despite plaintiff's exhortations to the Court that it look beyond the face of defendant corporation's "special early" plan to consider the effect of this plan on the stated objectives of the federal Age Discrimination Act, the Court is not persuaded that even a narrow construction of the excepted employment practices in 29 U.S.C. § 623(f) compels the result which plaintiff seeks.

To the contrary, the Court is limited to the proofs and the pleadings before it. Plaintiff has failed to submit to the Court anything to rebut the affidavits supporting defendants' Motion. The Court finds, therefore, that even when plaintiff's complaint is construed in the light most favorable to it, the uncontroverted facts show that plaintiff was retired pursuant to a bona fide pension plan which was not established as a subterfuge to evade the purposes of the law.

Defendants' Motion for Summary Judgment should be, and hereby is, granted. Having ruled favorably on defendants' Motion for Summary Judgment, the Court does not reach the other questions raised in defendants' Motion to Dismiss.

It is so ordered.