569 F.2d 989
 16 Fair Empl.Prac.Cas. 832, 15 Empl. Prac.
Dec. P 8073,
1 Employee Benefits Ca 1545
Annie THOMPSON, on her own behalf and all others similarly
situated, Plaintiff- Appellant,
v.
CHRYSLER CORPORATION and J. J. Ricardo et al.,
Defendants-Appellees (two cases).
 Nos. 76-1542, 76-1543.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 19, 1977.
Decided Jan. 26, 1978.
 
 Judith D. Doran, Birmingham, Mich., for plaintiff-appellant.
 Carin Ann Clauss, Associate Sol., U. S. Dept. of Labor, Jacob I. Karro, Washington, D. C., for amicus curiae.
 Thomas G. Kienbaum, Dickinson, Wright, McKean, Cudlip & Moon, John A. Stevens, Detroit, Mich., for defendants-appellees.
 Before EDWARDS, CELEBREZZE and LIVELY, Circuit Judges.
 LIVELY, Circuit Judge.
 
 
 1
 The narrow question in this consolidated appeal is whether Chrysler violated the Age Discrimination in Employment Act of 1967 (the Act), 29 U.S.C. §§ 621-634, and a comparable Michigan statute by requiring the plaintiff to retire before her 65th birthday.
 
 
 2
 The plaintiff Annie Thompson was involuntarily retired by Chrysler at age 55, after 31 years as an employee. This action was based on "special early" provisions of a pension agreement between Chrysler and the union which represented its employees. The relevant provision states that:
 
 
 3
 If an employee, who is over 55 years of age with 10 or more years pension credited service, suffers from a condition or disease which is deemed to be permanent and which partially disables that employee, and if that permanent partial disability results in excessive absenteeism, decreased production, and frequent application for and receipt of sickness and accident payments, then the employee may be retired "special early", in accordance with procedures which are hereafter set forth.
 
 
 4
 Ms. Thompson brought suit in the Circuit Court of Wayne County, Michigan, charging Chrysler with violation of the Michigan Fair Employment Practices Act (M.C.L.A. § 423.303). Discrimination on the basis of race and sex, as well as age, was alleged. The action was removed to the United States District Court for the Eastern District of Michigan. The claim of age discrimination was dismissed following a hearing on Chrysler's motion for partial summary judgment. Thompson v. Chrysler, 382 F.Supp. 1317 (1974). The district court determined that there was no reason for delay, thus permitting an appeal from its order. Rule 54(b), Fed.R.Civ.P.
 
 
 5
 Before appealing from the judgment in the removed action plaintiff filed a second action in the district court charging violation of the federal Act. In addition to denying discrimination as charged in the complaint Chrysler pled as an affirmative defense, "Plaintiff was retired pursuant to a bona fide pension plan which was not established as a subterfuge to evade the purposes of the law." This pleading put directly into issue the question of whether an involuntary retirement under the "special early" provisions of the pension agreement is exempt from the operative provisions of the Act by virtue of § 623(f)(2) which provides:
 
 
 6
 (f) It shall not be unlawful for an employer . . .
 
 
 7
 (2) to observe the terms of a bona fide seniority system or any bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this chapter, except that no such employee benefit plan shall excuse the failure to hire any individual;
 
 
 8
 Both parties filed motions for summary judgment. Upon finding that plaintiff was retired pursuant to a bona fide pension plan which was not a subterfuge the district court granted summary judgment for Chrysler in the second action. Thompson v. Chrysler, 406 F.Supp. 1216 (1976).
 
 
 9
 The federal Act and the Michigan statute have many similarities, and the parties have directed most of their arguments to the federal Act. We will deal specifically only with the provisions of the federal Act since we conclude that a decision under that law will be dispositive as well of the claims asserted under the State statute.
 
 
 10
 The purpose of the Act is stated in § 621(b) as follows:
 
 
 11
 (b) It is therefore the purpose of this chapter to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment.
 
 
 12
 The scope of the Act, insofar as it affects employers, is stated in § 623(a)
 
 
 13
 (a) It shall be unlawful for an employer
 
 
 14
 (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
 
 
 15
 (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
 
 
 16
 (3) to reduce the wage rate of any employee in order to comply with this chapter.
 
 
 17
 On appeal the plaintiff contends that the district court erroneously held that "nominal" rather than actual observance by Chrysler of the terms of the pension agreement was sufficient to render her termination legal. She argues that since age is clearly one requisite for "special early" retirement, Chrysler was required to show that the other requirements a condition or disease which is permanent and partially disabling, resulting in excessive absenteeism, decreased production and frequent application for and receipt of sickness payments actually existed.
 
 
 18
 Chrysler admitted that it never caused plaintiff to be examined by physicians to determine whether she actually suffered from a permanent and partially disabling disease or condition. However, among the exhibits filed with its affidavits in support of summary judgment, Chrysler included a number of statements from plaintiff's attending physician. These statements had been filed with plaintiff's applications for sickness and accident benefits between November 1971 and December 1973. In these reports the doctor stated that plaintiff was unable to work for various periods because of congestive heart failure, gouty arthritis and hypertensive heart disease. The last report contained the same description of plaintiff's problem as the one submitted two years earlier: congestive heart failure and hypertension. An affidavit also listed plaintiff's numerous absences during the three-year period immediately preceding her retirement, all accompanied by applications for sickness benefits. Plaintiff's work was characterized as "fair," and adequate "when present," but generally below normal. Following the procedures required by the pension agreement, after her selection for consideration for early retirement the plaintiff was interviewed by a plant retirement committee consisting of one representative from the union local and one management representative. The Board of Administration of the pension plan, consisting of three company and three union representatives, reviewed plaintiff's file and approved her retirement and the payment of benefits. The pension payments to plaintiff are $3.41 per month less than her average, regular-time wages at the time of retirement.
 
 
 19
 The district court observed that the plaintiff did not present anything to rebut Chrysler's affidavits in support of its motions for summary judgment. She did present the testimony of a non-treating physician who testified that her hypertension was controllable and that she was not permanently disabled. Chrysler argues that the issue is not whether Ms. Thompson was in fact permanently disabled, but whether it made a good faith determination that she met the requirements for "special early" retirement, following the terms of the pension plan. While admitting that the Chrysler pension plan is bona fide, the plaintiff asserts that the company should be required to prove the actual existence of the additional requirements of the "special early" provision in each case in order to prevent use of that provision as a subterfuge for early termination on the basis of age alone.
 
 
 20
 The district court correctly held that no genuine issue as to any material fact existed in either case. There was no dispute as to whether the "special early" provisions are contained in a bona fide employee benefit plan. The other requirements of § 623(f)(2) are that the employer observe the terms of the plan and that the plan not be a subterfuge. The plaintiff's evidence on the question of whether she was actually disabled did not address these questions. Chrysler's affidavits and exhibits set forth the facts upon which it first deemed that Ms. Thompson was eligible for "special early" retirement. The affidavits further disclosed that the procedures required by the pension plan were followed. Faced with these materials the plaintiff was required to make a response which set forth specific facts showing the existence of a genuine issue for trial. Rule 56(e), Fed.R.Civ.P.
 
 
 21
 The evidence that Ms. Thompson had excessive absences, generally below normal production and frequent applications for sickness benefits was unrefuted. Her own physician's reports showed the existence of physical conditions and diseases which had kept her from working for extended periods over a span of several years. There was no contention by the plaintiff that Chrysler acted in bad faith when it determined that the condition reported by Ms. Thompson's personal physician was permanent. She contends, nevertheless, that she was entitled to a trial on the issue of whether these conditions were permanent. Under the provisions of the Chrysler pension agreement this contention does not relate to a material issue of fact. The negotiated agreement for early retirement could have contained a provision for certification by physicians with particular qualifications that each candidate is actually permanently disabled. No such provision was included. The agreement permits Chrysler to make this determination and the only condition the court may add is that the determination be made in good faith.
 
 
 22
 We also agree with the district court that the plaintiff made no showing of the existence of a genuine issue as to whether the plan under which she was retired is a subterfuge to evade the purposes of the Act. The question of whether she was actually permanently disabled does not reflect in any way on the question of whether the plan is a subterfuge. The plan requires that a number of conditions be met. The fact that a subjective element enters into the determination of whether an employee's condition is permanent does not render the plan a subterfuge.
 
 
 23
 To accept the plaintiff's arguments would require a strained reading of 29 U.S.C. § 623(f)(2). Congress could have made any termination of employment where age is a factor unlawful. Instead it chose to make an exception where separation occurs as the result of observance of the terms of a bona fide employee benefit plan. See Zinger v. Blanchette, 549 F.2d 901, 909 (3d Cir. 1977), petition for cert. pending, --- U.S. ----, 98 S.Ct. 717, 54 L.Ed.2d 750 (1977). The "special early" provisions under which Ms. Thompson was retired are part of such a plan. The materials filed by Chrysler disclosed the existence of factors other than age as required by the terms of the plan. All that the exemption statute requires is observance of the terms of the plan. The plaintiff was unable to point to any facts which support her contention that the plan is a subterfuge to evade the purposes of the Act.
 
 
 24
 The stated purpose of the Act is to prohibit arbitrary age discrimination in employment and to foster employment of older persons on the basis of ability rather than age. 29 U.S.C. § 621(b). We are not dealing with a plan which requires retirement before age 65 solely on the basis of age. See Brennan v. Taft Broadcasting Co., 500 F.2d 212 (5th Cir. 1974); McMann v. United Air Lines, Inc., 542 F.2d 217 (4th Cir. 1976), cert. granted, 429 U.S. 1090, 97 S.Ct. 1098, 51 L.Ed.2d 535 (1977), reversed sub nom. United Airlines, Inc. v. McMann, --- U.S. ----, 98 S.Ct. 444, 54 L.Ed.2d 402 (1977). Because the Chrysler plan requires consideration of other factors which are related to an employee's ability to perform work satisfactorily it is in harmony with the stated purpose of the Act. It appears to be the type plan which Congress intended to recognize and validate in enacting § 623(f)(2). In the absence of a showing of specific facts from which it could be found that the plan was adopted or was being used to evade the purposes of the Act, Chrysler was entitled to summary judgment.
 
 
 25
 The judgments of the district court are affirmed. No costs allowed. Each party will pay its own costs on appeal.